<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ANDREW PANICO,

        Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

        Defendant.

Civil Action No. 15-1566-BRM-DEA

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56, filed by Defendant Portfolio Recovery Associates, LLC ("Defendant" or "PRA"). Dkt. No. 29. Plaintiff Andrew Panico ("Plaintiff" or "Panico") opposes the motion. Dkt. No. 31. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the reasons set forth herein, Defendant's motion is **GRANTED**.

    **I.**    **BACKGROUND**[1]

On or after October 20, 2014, PRA filed a complaint (the "State Court Complaint") in the Law Division of the Superior Court of New Jersey which commenced a civil action against Plaintiff entitled *Portfolio Recovery Associates, LLC A/P/O FIA Card Services, N.A. v. Andrew Panico*, Docket No. SOM-L-1432-14 (the "State Court Action"). Dkt. No. 28, ¶ 1. When the State

---

[1] The facts set forth in this Opinion are taken from the Parties' Stipulations Regarding Summary Judgment. Dkt. No. 28.

1

Court Action was commenced, more than three (3) years but less than six (6) had passed after the accrual of the cause of action alleged in the State Court Complaint. Id. ¶ 2.

The State Court Complaint alleged that Panico incurred a financial obligation (the "Debt") on a certain credit card account (the "Account") which was in default and the creditor's rights to the Debt had been assigned to PRA. Dkt. No. 28, ¶ 3. The Debt arose out of one or more transactions in which the money, property, insurance, or services which were the subject of those transactions were primarily for personal, family, or household purposes. Id. ¶ 4. Therefore, the Debt is a "debt" as defined by 15 U.S.C. § 1692a(5). Id.  Because Plaintiff is a natural person allegedly obligated to pay the Debt, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3). Id. ¶ 5. The Parties stipulated that, for purposes of this action only, PRA acted as a "debt collector" as defined by 15 U.S.C. §1692a(6). Id. ¶ 6.

The Account from which the Debt arose was governed by a written credit card agreement (the "Agreement"). Id. ¶ 8; Dkt. No. 28-1. The Agreement provides, in pertinent part, as follows: "This Agreement is made in Delaware. It is governed by the laws of the State of Delaware, without regard to its conflict of laws principles, and by any applicable federal laws." Dkt No. 28-1, p. 6. By entering into the Agreement, Plaintiff "agree[d] that any litigation … regarding th[e] [A]ccount or th[e] Agreement shall be brought in a court located in the State of Delaware." Id.

The Account was considered to be "delinquent" on June 18, 2010, at which time the outstanding balance was $43,970.16. Dkt. No. 28, ¶¶ 10-11.

Plaintiff has never lived in Delaware. Id. ¶ 12. Plaintiff has never visited Delaware. Id. ¶ 13. Plaintiff does not own property in Delaware. Id. ¶ 14. Plaintiff has never been amenable to service of process in Delaware. Id. ¶ 15. Plaintiff has never been subject to personal jurisdiction in Delaware. Id. ¶ 16.

### a. The Instant Lawsuit

On March 2, 2015, Plaintiff, individually and behalf of all others similarly situated, filed a two-count Class Action Complaint alleging the State Court Action was filed by PRA after the applicable statute of limitations in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2. Dkt. No. 1. On August 3, 2015, PRA filed an Answer. Dkt. No. 15.

The Parties submitted a joint letter to the Court on April 11, 2016, outlining their mutual decision to pursue summary judgment on the central issue of Plaintiff's claim under the FDCPA. Dkt. No. 23. Thereafter, the Parties submitted their joint Stipulations Regarding Summary Judgment on the legal issues of: (a) the applicable statute of limitations for the underlying State Court Action; (b) the applicability of any tolling or tolling provision for such statute of limitations; and (c) depending on the answers to (a) and (b), whether PRA violated the FDCPA by filing the State Court Action. Dkt. No. 28.

This motion followed.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." Id. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for

the nonmoving party." Id. The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Not every issue of fact will be sufficient to defeat a motion for summary judgment; issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. Further, the nonmoving party cannot rest upon mere allegations; he must present actual evidence that creates a genuine issue of material fact. See Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 249 (citing First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). In conducting a review of the facts, the non-moving party is entitled to all reasonable inferences and the record is construed in the light most favorable to that party. Hip Heightened Indep. & Progress, Inc. v. Port Auth. of New York & New Jersey, 693 F.3d 345, 351 (3d Cir. 2012). Accordingly, it is not the Court's role to make findings of fact, but to analyze the facts presented and determine if a reasonable jury could return a verdict for the nonmoving party. See Brooks v. Kyler, 204 F.3d 102, 105 n.5 (3d Cir. 2000) (citing Anderson, 477 U.S. at 249); Big Apple BMW v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### III.  DECISION

Defendant argues that the plain language of Delaware's statute of limitations and related tolling provision make timely PRA's underlying State Court Action against Plaintiff, thus warranting summary judgment in its favor. The Court agrees.

It is undisputed that the Agreement "is governed by the laws of the State of Delaware, without regard to its conflict of laws principles, and by any applicable federal laws." Dkt. No. 28-1, p. 6. "Ordinarily, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice if it does not violate New

4

Jersey's public policy." Instructional Sys., Inc. v. Computer Curriculum Corp., 130 N.J. 324, 341 (1992). Therefore, the Court applies Delaware law to its analysis of the timeliness of PRA's claims in the State Court Action.

The Parties agree that, under Delaware law, PRA's claims in the State Court Action are subject to a 3-year statute of limitations. Specifically, Title 10, Section 8106 of the Code of Delaware provides:

> … no action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations … shall be brought after the expiration of 3 years from the accruing of such action; subject, however, to the provisions of §§ 8108-8110, 8119 and 8127 of this title.

Del. C. tit. 10, § 8106.

As stipulated by the Parties, PRA filed the State Court Action "more than three years … after the accrual of the cause of action alleged in the State Court Complaint." Dkt. No. 28, ¶ 2. The central issue to be decided, then, is whether PRA's claim was tolled under Delaware law, which provides:

> If at the time when a cause of action accrues against any person, such person is out of the State, the action may be commenced, within the time limited therefore in this chapter, after such person comes into the State in such manner that by reasonable diligence, such person may be served with process. If, after a cause of action shall have accrued against any person, such person departs from and resides or remains out of the State, the time of such person's absence until such person shall have returned into the State in the manner provided in this section, shall not be taken as any part of the time limited for the commencement of the action.

Del. C. tit. 10, § 8117.

The Court finds the Parties' Stipulations Regarding Summary Judgment bring this case squarely within the plain language and ambit of Delaware's tolling provision, which preserved PRA's claims in the State Court Action. At all times, Plaintiff was "out of the State" and was "not

5

otherwise subject to service of process in the state" of Delaware. Dkt No. 28 ¶¶ 12-16. Indeed, Plaintiff stipulated that he: (1) has never lived in Delaware; (2) has never visited Delaware; (3) does not own property in Delaware; (4) has never been amenable to service of process in Delaware; and (5) has never been subject to personal jurisdiction in Delaware. Id. Nevertheless, Plaintiff argues that Section 8117 should not apply to actions filed outside of Delaware (like the State Court Action) or against parties who have no prior connection to Delaware (like Plaintiff), because Section "8117 was never intended to create an indefinite period for commencing a lawsuit." Dkt. No. 31, p. 25.[2] Thus, Plaintiff argues, because PRA's claim was filed more than 3-years after it accrued and not tolled by Section 8117, the State Court Action was untimely. The Court disagrees. By its terms, Section 8117 applies to both in-state and out-of-state defendants, and there is nothing in the language of the statute or Delaware cases interpreting it to suggest its application is limited to actions filed within the State of Delaware.[3] The Court declines to read into the statute language the Delaware legislature chose not to include.

With respect to statutory interpretation, the Code of Delaware provides: "Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language." Del. C. § 303. As explained by the Delaware Supreme Court, "[t]he goal of statutory construction is to determine and give effect to legislative intent." Eliason v. Englehard, 733 A.2d 944, 946 (Del. 1999). Thus, "where the language of a statute is

---

[2] In support of this argument, Plaintiff does not cite to any biding authority and concedes that "no New Jersey appellate decisions or published trial court decisions have" addressed the applicability of Section 8117 under similar circumstances as here. Id.

[3] The Court recognizes that the second sentence of Section 8117 applies on its face only to Delaware defendants who subsequently leave the state, but notes the first sentence of the statute makes clear that it also applies to "any person" who is "out of the State" at the time the action accrues.

6

plain and conveys a clear and definite meaning, the courts will give to the statute the exact meaning conveyed by the language, adding nothing thereto, and taking nothing therefrom." Fed. United Corp. v. Havender, 11 A.2d 331, 337 (Del. 1940). In this District, "[f]ollowing basic cannons of statutory construction, a court should construe statutory language so as to avoid interpretations that would render any phrase superfluous." H.M v. Haddon Heights Bd. Of Educ., 822 F. Supp. 2d 439, 451 (D.N.J. 2011) (citing United States v. Cooper, 396 F. 3d 308 (3d Cir. 2005) (citing TRW Inc. v. Andrews, 534 U.S. 19, 31 (2001)).

Based on these well-settled principles, the tolling provision of Section 8117 cannot be read in a vacuum but, rather, is an integral part of and intertwined with the limitations period set forth in Section 8106. In fact, the United States Supreme Court has held that "'tolling' [provisions] … are an integral part of a complete limitations policy," and, therefore, when a district court borrows a state's limitation period, it must "logically include [state] rules of tolling" in its analysis. Bd. of Regents v. Tomanio, 446 U.S. 478, 485, 488 (1980); see also Wilson v. Garcia, 471 U.S. 261, 269 n.17 (1985) ("In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application.").

The Court finds the reasoning of the Delaware Supreme Court's decision in Saudi Basic Indus. Corp. v. Mobil Yanbu Petrochemical Co., 866 A.2d 1 (Del. 2005) to be instructive. See Jama v. United States INS, 343 F. Supp. 2d 338, 370 (D.N.J. 2004) (considering other courts' interpretation of a foreign statute). In Saudi Basic, the Delaware Supreme Court explained:

> It is settled law that the purpose and effect of Section 8117 is to toll the statute of limitations as to defendants who, at the time the cause of action accrues, are outside the state and are not otherwise subject to service of process in the state. In those circumstances, the statute of limitations is tolled until the defendant becomes amenable to service of process.

7

Saudi Basic, 866 A.2d at 18 (citing Hurwitch v. Adams, 155 A.2d 591, 594 (Del. 1959); Brossman v. FDIC, 510 A.2d 471, 472-73 (Del. 1986)).

The Saudi Basic court went on to hold that Delaware's limitations period would be tolled where, as here, the defendant was: (1) "out of the state" and not amenable to service of process prior to the current action; (2) not subject to personal jurisdiction in Delaware because of a lack of significant contacts; and (3) only caused the cessation of the tolling period by becoming amenable to service of process. Saudi Basic, 866 A.2d at 18-19. The same set of facts exist in this case.

Plaintiff is not a Delaware resident, has never visited Delaware, owns no property in Delaware, has never been amenable to service of process in Delaware, and has never been subject to personal jurisdiction in Delaware. Dkt. No. 28 ¶¶ 12-16. The plain language of Section 8117 squarely applies in these circumstances.

By application of Section 8117, PRA's claims in the underlying State Court Action were not untimely because at the time PRA's claims accrued, Plaintiff was "out of the state" of Delaware, not amenable to service of process in Delaware, and not subject to personal jurisdiction in Delaware. As a result, the tolling provision of Section 8117 applies by its literal terms, rendering PRA's collection action timely under Delaware's statute of limitations.

Accordingly, Plaintiff's claims under the FDCPA, 15 U.S.C. §1692, and New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2, fail as a matter of law and PRA is entitled to summary judgment in its favor.

**IV.    CONCLUSION**

For the reasons set forth above, Defendant's Motion for Summary Judgment is **GRANTED**.  This matter is therefore dismissed and the case is closed.  An appropriate order will follow.

**Date: September 14, 2016**                         */s/ Brian R. Martinotti*_____
                                                                              **HON. BRIAN R. MARTINOTTI**
                                                                              **UNITED STATES DISTRICT JUDGE**